IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| v. | § | Cr. No. C-08-130 |
| | § | |
| MANUEL VILLARREAL. | § | |

**ORDER DENYING WITHOUT PREJUDICE IN PART
AND GRANTING IN PART LETTER
MOTION FOR TRANSCRIPTS AND DOCUMENTS**

Pending before the Court is Defendant Manuel Villarreal's letter motion, received by the Clerk on May 24, 2010. In it, Defendant requests a copy of the docket sheet, sentencing transcript and judgment in this case. (D.E. 35 at 1.) He alleges that he has made repeated requests to his counsel for these documents, but that counsel has not given the documents to him. Defendant asks that the Court either give him copies of the above requested documents or order counsel to provide a complete copy of his file to Defendant. (Id.) His letter does not indicate why he wants the requested documents.

Assuming that Defendant could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Villarreal was sentenced by this Court on July 16, 2008, and judgment was entered on July

---

[1] Defendant has not submitted an affidavit of indigency, although he was found eligible for appointed counsel in his underlying criminal proceedings. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Defendant is, in fact, indigent.

17, 2008. (D.E. 30, 31.) Villarreal did not appeal and has not filed any other post-conviction motions. Villarreal has no pending suit before the Court and thus fails to meet the statutory requirements for free transcripts. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Accordingly, to the extent Villarreal requests a copy of his sentencing transcript at government expense, his motion (D.E. 35) is DENIED WITHOUT PREJUDICE. In the event that he has a future case pending before the court, he may then request again copies of specific documents or transcripts. The Court also notes that no sentencing transcript has been prepared or docketed in the case. Thus, Villarreal's counsel does not have a copy of any such transcript, either. Accordingly, directing him to provide a copy would be a futile request.

The portion of Villarreal's letter motion requesting a copy of his docket sheet and a copy of the judgment in his case, however, is GRANTED. The Clerk is directed to provide Villarreal with a copy of the docket sheet in his case and a copy of his judgment, docketed as D.E. 31. Additionally, if Villarreal is interested in receiving the sentencing transcript or other court documents at his own expense, he may contact the Clerk to request them. To that end, the Clerk shall also provide Villarreal with instructions as to how to order transcripts or to purchase copies of records.

## CONCLUSION

For the foregoing reasons, Villarreal's motion (D.E. 35) is DENIED WITHOUT PREJUDICE IN PART and GRANTED IN PART. The Clerk is directed to mail Villarreal a copy

of the docket sheet in his case and a copy of his judgment (D.E. 31) with his copy of this Order. The Clerk shall also provide Villarreal with instructions as to how to order transcripts or to purchase copies of records.

It is ORDERED this 7th day of June, 2010.

_____
Janis Graham Jack
United States District Judge